Mr. William J. Rish County Attorney Gulf County
QUESTIONS:
1. Is the clerk of the circuit court responsible for investigating the accuracy of an affidavit of indigency filed in accordance with the provisions of s. 57.081, F.S. (1980 Supp.)?
2. If the answer to the above question is in the affirmative, what criteria should be considered?
SUMMARY:
When an applicant for a certificate of indigency under s.57.081(1), F.S. (1980 Supp.), is not represented by an attorney, the clerk of the court is not charged with any responsibility for investigating the accuracy of the factual information alleged in support of the application and should issue the certificate provided the applicant's affidavit shows on the face thereof that the applicant is indigent and unable to pay the charges described in s. 57.081(1), F.S. (1980 Supp.).
AS TO QUESTION 1:
Section 57.081(1), F.S. (1980 Supp.), permits an `indigent person' who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding to receive the services of the courts, sheriffs and clerks, with respect to such proceedings, without charge. No payment of costs is required in any action when such party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit filed with the clerk that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. As you stated in your letter, the statute is plain as to the procedure to be followed when the applicant is represented by counsel: the applicant's attorney, among other things, must certify in writing that he has made an investigation to ascertain the truth of the applicant's affidavit and that he believes it to be true. As this office opined in AGO 071-383, where such an affidavit is properly supported by an attorney's certification, the clerk is not required to conduct an independent investigation of the facts sworn to by the applicant and verified by his attorney. The clerk's certificate should issue as a matter of course. Your question, however, reaches the issue of what duty reposes in the clerk when he is presented with an application for a certificate of indigency by an individual who is not represented by counsel. Section 57.081(1), F.S. (1980 Supp.), neither defines the term `indigency' nor provides any guidelines to be used in determining whether a particular applicant is indigent and unable to pay the charges or costs otherwise payable by law. While there has been substantial litigation concerning this statutory provision, I have not uncovered any judicial decisions dealing with this specific issue. The only specific allegations required to support and application for a certificate of indigency are that `the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers.' Section 57.081(1). As was stated in AGO 071-383, `[p]resumably, the plaintiff's affidavit . . . will contain factual information concerning plaintiff's income, assets and liabilities to support the . . . conclusion as to insolvency.' As the statute in question assigns no responsibility to the clerk to investigate the accuracy of the allegations contained in an indigent person's affidavit or application, nor specifies any criteria for determining the truthfulness thereof, I cannot say that you have any duty to make an independent investigation into such matters. Consequently, assuming sufficient facts are alleged in the affidavit supporting the plaintiff's application showing on the face thereof that the applicant is indigent and unable to pay the designated costs, I must conclude that you should issue the certificate without conducting any further investigation.
AS TO QUESTION 2:
As the answer to your first question is in the negative, it will not be necessary for me to discuss your second inquiry.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General